# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Ashley N. Beishline** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v | : | **Civil Action No.** |
| | : | |
| **Lower Allen Township** | : | |
| | : | **Jury Trial Demanded** |
| **Defendant.** | : | |

## COMPLAINT AND JURY DEMAND

AND NOW comes Plaintiff, Ashley N. Beishline, by and through her undersigned counsel, Jeremy A. Donham, Esquire, and files the following Complaint:

## INTRODUCTION & JURISDICTION

1. Plaintiff, Ashley N. Beishline, (hereinafter "Plaintiff") is an adult individual and resident in the Commonwealth of Pennsylvania.

2. Defendant, Lower Allen Township (hereinafter "Defendant" or "LAT") is a Cumberland County, Pennsylvania government agency with an address of 2233 Gettysburg Road Camp Hill, PA 17011.

3. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to the Rehabilitation Act (Rehab Act),

Americans with Disabilities Act (hereinafter "ADA") (which claims have been exhausted, see Plaintiff's Exhibit A).

4. This Honorable Court also has jurisdiction over the Plaintiff's claims under the Pennsylvania Human Relations Act (hereinafter "PHRA") once those claims, which were removed from the EEOC and sent to the PHRC, are fully exhausted.

5. This Honorable Court also has jurisdiction of Plaintiff's State Statutory and common law claims pursuant to 28 U.S.C. §1367 to the extent she pleads them.

6. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; evidence and employment records relevant to the allegations are maintained in this judicial district; Plaintiff was terminated in this judicial district and but for the unlawful actions and practices of Defendant would not have been; and Defendant is present and regularly conducts affairs in this judicial district.

## UNDERLYING FACTS

7. Plaintiff incorporates by reference all forgoing paragraphs.

8. Defendant, upon information and belief, employs over fifteen (15) employees.

9. Plaintiff worked for the Defendant from June 2014 as an Emergency Medical Technician II (hereinafter "EMT") through to the date of her termination on September 11, 2019.

10. On July 16, 2018, Plaintiff injured her right shoulder at work while giving a patient Cardiopulmonary Resuscitation (hereinafter "CPR").

11. Plaintiff went to OSS Health Mechanicsburg Office and the Orthopedic Urgent Care and after being seen by the physician, was put on restrictions not to lift anything over 25 pounds or above shoulder height.

12. On or about the week of July 23, 2018, Plaintiff filed for Workers Compensation (hereinafter "WC").

13. On November 2, 2018, Plaintiff had a Labrum repair surgery on her right shoulder for her work-related injury.

14. From on or about November 5, 2018 to on or about December 14, 2018, Plaintiff was out on WC recovering from surgery.

15. On or about December 17, 2018, Plaintiff returned to work with restrictions.

16. On February 10, 2019, Plaintiff was back to work (FT) without restrictions.

17. On July 6, 2019, the Plaintiff injured her right shoulder by carrying a patient down a flight of stairs on a stair chair.

18. Plaintiff spoke to Human Resource (hereinafter "HR"), Donna Paul, about her injury and asked what she should do.

19. Ms. Paul told Plaintiff to run the injury through the old WC claim.

20. On July 19, 2019, after Plaintiff's physician examined her right shoulder, he concluded that it was a new injury and should be run through a new WC claim. The doctor also put her on restrictions for work.

21. Thereafter, the Defendant placed Plaintiff on "light duty" but they "light duty" required the Plaintiff to do work that required use of her right shoulder in a way that would reinjure or exacerbate the shoulder injury such as pulling weeds around the headquarters premises of the safety building.

22. Around this same time, Plaintiff spoke to the Chief, Anthony Deaven, that she was contemplating an application for Medical Marijuana ("MM") anxiety and insomnia but wanted to make sure she would be in compliance with her job.

23. Mr. Deaven told Plaintiff that he thought MM would be beneficial to her medical treatment. Shortly after the conversation, Mr. Deaven sent Plaintiff an email with the Pennsylvania Medical Marijuana Statute.

24. On July 27, 2019, Plaintiff received her MM Certification Card to help treat anxiety and insomnia. It also helped with her shoulder pain.

25. In or about the beginning of August 2019, Plaintiff was asked to meet with Ms. Paul and the Township Labor Attorney to discuss why she chose MM as a treatment for her medical issues.

26. On August 12, 2019, the Plaintiff received a letter from HR that the Defendant could not make an accommodation for her use of MM. However, Plaintiff never asked for an accommodation since she only uses MM off duty, in the evenings, 8-10 hours prior to work.

27. Plaintiff was on light duty at the time and not on emergency calls for her work.

28. On August 28, 2019, Plaintiff was required by WC to have an independent medical evaluation (hereinafter "IME") hours away.

29. On September 11, 2019, Plaintiff received an email that her WC was denied.

30. Later that same day, September 11, 2019, Plaintiff was terminated.

31. Plaintiff was subsequently offered a light duty assignment, although she had been terminated, in or about October 2019.

32. Defendant does not recognize the protections afforded by the Pennsylvania Medical Marijuana Act.

33. Plaintiff never intended to use MM on Defendant's premises or during work hours as was readily specified by the Plaintiff's physician.

34. Plaintiff's position as an EMT is not a safety sensitive position as outlined in the PMMA.

35. In addition to wage loss and loss of health related benefits which were available to her, Plaintiff has suffered severe anxiety and depression as well

as an exacerbation of her underlying serious health conditions, or disabilities, shoulder injuries and sleep symptoms resulting from the job loss.

36. Defendant is responsible for the actions of its agents under the theory of *Respondeat Superior*.

## COUNT 1
## REHABILITATION ACT DISCRIMINATION

37. Plaintiff incorporates herein the previous averments as if fully set forth.

38. The Rehabilitation Act prohibits discrimination in the workplace against employees who have, *inter alia*, given notice of disabilities to an employer or sought accommodations in the workplace.

39. Plaintiff notified LAT of her right shoulder injury in July 2019 after injuring her shoulder during an EMT call.

40. Further, Plaintiff notified LAT of her anxiety and depression when she noticed them in July 2019 regarding the use of MM for anxiety and insomnia.

41. Plaintiff notified LAT of her disabilities through statements and emails to human resources and LAT labor counsel.

42. Plaintiff has a documented history of right shoulder injury, anxiety and depression and is therefore, disabled.

43. Further, LAT regarded or perceived Plaintiff as being disabled when they provided her with a light duty assignments after her right shoulder injury.

44. However, LAT would not provide reasonable workplace accommodations but instead made her do job assignments that required repetitive movement which exacerbated the right shoulder injury and further increased her anxiety.

45. LAT subjected Plaintiff to tangible and/or adverse employment actions when they gave her "light duty" assignments which further harmed her and when they terminated her employment.

46. As a result, the Plaintiff avers that LAT discriminated against her on account of her disabilities.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to the Rehabilitation Act of 1973 Section 504 and any other applicable statutory remedies including but not limited to: withdrawal of federal grants, monetary relief for the Plaintiff, including as applicable compensatory damages and all reasonable attorney's fees and costs.

## COUNT 2
## REHABILITATION ACT
## HOSTILE WORK ENVIRONMENT

47. Plaintiff incorporates by reference all forgoing paragraphs.

48. The Plaintiff avers that she is a qualified individual with a disability under the Rehab Act due to her rights shoulder injury, anxiety and insomnia and LAT's notice of the same. Additionally, the Plaintiff has been under a physician's care for her disabilities since she was diagnosed.

49. The Plaintiff was subjected to unwelcomed harassment after she sought disability accommodations and after the Defendant failed to accommodate her in 2019 but instead gave her assignments which caused further exacerbation of her right shoulder injury as well as an exacerbation of her anxiety.

50. Further, after she had requested light duty and was given assignments that were causing an exacerbation of her underlying work injury and her anxiety, she was brought before Donna Paul of the human resources and a labor attorney to discuss her workers compensation issues but it became an effort to intimidate her regarding her anxiety and the use of medical marijuana for the same.

51. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment, and to create an abusive and hostile working environment for the above mentioned reasons.

52. LAT knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff, further berating her due to her conditions and firing her.

53. The fact that the Plaintiff's supervisors were perpetrators of the harassment and discrimination entitles the Plaintiff to strict liability against LAT for her claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to the Rehabilitation Act of 1973 Section 504 and all applicable

statutory remedies including but not limited to: withdrawal of federal grants, monetary relief for the plaintiff, including as applicable economic and compensatory damages and all reasonable attorney's fees and costs.

## COUNT 3
## REHABILITATION ACT RETALIATION

54. Plaintiff incorporates by reference all forgoing paragraphs.

55. The Rehabilitation Act prohibits retaliation in the workplace against employees who have, *inter alia*, given notice of their disabilities, sought assistance for an accommodation in the workplace, or to have otherwise opposed practices made unlawful under the law.

56. The Plaintiff's notification of her disabilities and/or requests for an accommodation in the workplace constitute "protected activity" pursuant to state and federal law.

57. Further, Plaintiff opposed LAT's practice of harassment and intimidation.

58. LAT retaliated against the Plaintiff on account of her protected activity as more fully noted herein including but not limited to maliciously making the Plaintiff perform work ("light duty") that resulted in further injury.

59. The Plaintiff therefore avers that LAT's purported basis to fire her (e.g. that she was not able to do her job safely and they did not have a light duty assignment) is false and erroneous as the real reason for her termination is due to her disabilities: right shoulder injury, anxiety and insomnia.

60. As a result of all of the above, the Plaintiff avers that LAT retaliated against her on account of her protected activity by imposing disciplinary measures, failure to promote, failure to interview as well as subsequent intimidation for her reports of wrongdoing.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to the Rehabilitation Act of 1973 Section 504 and any other applicable statutory remedies including but not limited to: withdrawal of federal grants, monetary relief for the plaintiff, including as applicable compensatory damages and all reasonable attorney's fees and costs.

## COUNT 4
## ADA DISCRIMINATION

61. Plaintiff incorporates herein the previous averments as if fully set forth.

62. The ADA prohibits discrimination in the workplace against employees who have, *inter alia*, given notice of disabilities to an employer or sought accommodations in the workplace.

63. Plaintiff notified LAT of her right shoulder injury in July 2019 after injuring her shoulder during an EMT call.

64. Further, Plaintiff notified LAT of her anxiety and depression when she noticed them in July 2019 regarding the use of MM for anxiety and insomnia.

65. Plaintiff notified LAT of her disabilities through statements and emails to human resources and LAT labor counsel.

66. Plaintiff has a documented history of right shoulder injury, anxiety and depression and is therefore, disabled.

67. Further, LAT regarded or perceived Plaintiff as being disabled when they provided her with a light duty assignment after her right shoulder injury.

68. However, LAT would not provide reasonable workplace accommodations but instead made her do job assignments that required repetitive movement which exacerbated the right shoulder injury and increased her anxiety.

69. LAT subjected Plaintiff to tangible and/or adverse employment actions when they terminated her employment.

70. As a result, the Plaintiff avers that LAT discriminated against her on account of her disabilities.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to the ADA and all applicable statutory remedies including but not limited to: monetary relief for Plaintiff, including as applicable economic and compensatory damages and all reasonable attorney's fees and costs and any other relief that this Court deems just and equitable.

## COUNT 5
## ADA HOSTILE WORK ENVIRONMENT

71. Plaintiff incorporates by reference all forgoing paragraphs.

72. The Plaintiff avers that she is a qualified individual with a disability under the ADA due to her rights shoulder injury, anxiety and insomnia and LAT's

notice of the same. Additionally, the Plaintiff has been under a physician's care for her disabilities since she was diagnosed.

73. The Plaintiff was subjected to unwelcomed harassment after she sought disability accommodations and after the Defendant failed to accommodate her in 2019 but instead gave her assignments which caused further exacerbation of her right shoulder injury as well as an exacerbation of her anxiety.

74. Further, after she had requested light duty and was given assignments that were causing an exacerbation of her underlying work injury and her anxiety, she was brought before Donna Paul of the human resources and a labor attorney to discuss her workers compensation issues but it became an effort to intimidate her regarding her anxiety and the use of medical marijuana for the same.

75. Further, the harassment was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment, and to create an abusive and hostile working environment for the above mentioned reasons.

76. LAT knew, or reasonably should have known of the harassment, and failed to take prompt, effective remedial action, instead taking adverse action against the Plaintiff, further berating her due to her conditions and firing her.

77. The fact that the Plaintiff's supervisors were perpetrators of the harassment and discrimination entitles the Plaintiff to strict liability against LAT for her claims.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to the ADA and all applicable statutory remedies including but not limited to: monetary relief for Plaintiff, including as applicable economic and compensatory damages and all reasonable attorney's fees and costs and any other relief that this Court deems just and equitable.

### COUNT 6
### ADA RETALIATION

78. Plaintiff incorporates by reference all forgoing paragraphs.

79. The ADA prohibits retaliation in the workplace against employees who have, *inter alia*, given notice of their disabilities, sought assistance for an accommodation in the workplace, or to have otherwise opposed practices made unlawful under the law.

80. The Plaintiff's notification of her disabilities and/or requests for an accommodation in the workplace constitute "protected activity" pursuant to state and federal law.

81. Further, Plaintiff opposed LAT's practice of harassment and intimidation.

82. LAT retaliated against the Plaintiff on account of her protected activity as more fully noted herein.

83. The Plaintiff therefore avers that LAT's purported basis to fire her (e.g. that she was not able to do her job safely and they did not have a light duty assignment)

is false and erroneous as the real reason for her termination is due to her disabilities: right shoulder injury, anxiety and insomnia.

84. As a result of all of the above, the Plaintiff avers that LAT retaliated against her on account of her protected activity by imposing disciplinary measures, failure to promote, failure to interview as well as subsequent intimidation for her reports of wrongdoing.

**WHEREFORE**, Plaintiff prays that this Honorable Court will order all appropriate relief pursuant to the ADA and all applicable statutory remedies including but not limited to: monetary relief for Plaintiff, including as applicable economic and compensatory damages and all reasonable attorney's fees and costs and any other relief that this Court deems just and equitable.

### COUNT 7
### VIOLATION OF PENNSYLVANIA PUBLIC POLICY
**Retaliation and Wrongful Termination**

85. Plaintiff incorporates by reference all forgoing paragraphs.

86. It is a public policy of the Commonwealth of Pennsylvania in the protection of public health, safety and welfare to ensure that workers are kept safe and free from harm.

87. Plaintiff was unlawfully discharged by the Defendant because she sought benefits under the Worker's Compensation Act.

88. Furthermore, a public-policy exception to the at-will doctrine was recognized by the Pennsylvania Supreme Court in *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998), where the Court held that an at-will employee who alleges a claim of retaliatory discharge for filing a workers' compensation claim has stated a common law cause of action for which relief may be granted.

89. The Plaintiff sought benefits from her employer due to a right shoulder injury which occurred while she was at work.

90. Plaintiff's communication of her health issues, which were directly related to the accident at work, placed the employer on notice of the Plaintiff's need for workers compensation such that the subsequent discharge violated public policy entitling her to damages.

91. The typical case involving wrongful discharge in violation of public policy is one where the "employee's termination is retaliatory and not grounded on a legitimate reason." *Goodwin v. Moyer*, 549 F. Supp. 2d 621, 636 (M.D. Pa. 2006).

92. As a result of Plaintiff's termination, she has suffered emotional harm, embarrassment, humiliation, mental anguish and loss of self-esteem, as well as economic loss and damage to her reputation.

## COUNT 8
## PENNSYLVANIA MEDICAL MARIJUANA ACT VIOLATION

93. Plaintiff incorporates by reference all forgoing paragraphs.

94. An employer must not give adverse treatment to an employee based on his or her status as a medical marijuana card holder. Section 2103(b) (1) states "[n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana."

95. The Plaintiff was in a class of persons protected under the PMMA as she was a certified user of Medical Marijuana.

96. Plaintiff was working in a light duty, non-safety sensitive position at the time of her termination.

97. Further, her job as an EMT was not a safety sensitive position under the law.

98. Therefore, the termination of her job by the Defendant violated the Plaintiff's rights because she was the licensed holder of a Medical Marijuana card and was using the Medical Marijuana consistent with the prescription of a medical provider and in accordance with the law regarding Medical Marijuana.

99. As a result of Plaintiff's termination, she has suffered emotional harm, embarrassment, humiliation, mental anguish and loss of self-esteem, as well as economic loss and damage to her reputation.

100. Furthermore, to the extent applicable, the Plaintiff seeks punitive damages under the MMA for the malicious and recklessness of the Defendant's decision to terminate her job after many years of trusted service to the Township.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment in her favor and against the Defendants for Actual and Compensatory damages; Punitive damages; and Any other relief that this Court deems just and equitable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court grant relief on all her Causes of Action as specified below.

101. To remedy the violation of the rights of the Plaintiff, the Plaintiff requests that the Court award her the relief prayed for below.

102. Plaintiff prays that the Court issue injunctive relief pursuant to the Rehab Act, and the ADA, enjoining the Defendants' its officers, agents, employees, and all others acting for or succeeding, from engaging in the discriminatory employment practices alleged in this complaint that discriminate against the Plaintiff in violation of the Rehab Act and ADA on the basis of disability.

103. The Plaintiff prays that the Court issue an injunction ordering and requiring that Defendants' formulate, institute, adopt and maintain policies and practices which will provide equal employment opportunities to the Plaintiff

and other currently disabled employees, or future disabled employees and applicants for employment, and which will to the extent practicable remedy the continuing effects of past discrimination against the Plaintiff and other disabled employees and restore them to the employment status and position they would have held and enjoyed but for the unlawful discrimination complained of herein.

104. The Plaintiff prays that the Court award monetary relief as follows:

a. On all her causes of action, order Defendants' to pay equitable monetary relief, compensatory and punitive damages as applicable to the Plaintiff as are asserted under all her claims in an amount to be proven at trial.

105. The Plaintiff prays that the Court award her costs, expenses, and attorneys' fees, payable by Defendants' as follows:

a. By determining that the Plaintiff is a prevailing party on All her Statutory Causes of Action, and thereupon awarding the Plaintiff her reasonable costs, expenses, and attorneys' fees incurred in bringing this action pursuant to the Rehab Act and the ADA and any other statute the court deems provides these remedies.

106. The Plaintiff prays that the Court order the Defendants' to pay pre- and post-judgment interest in all monetary amounts awarded in this action, as provided by and under the law.

107. The Plaintiff prays that the Court retain jurisdiction of this case for a sufficient period of time to assure that Defendants' have fully complied with the injunctions requested herein and have remedied to the greatest extent practicable the discriminatory policies and practices complained of herein, and that Defendants' are operating in full compliance with the requirements the Rehab Act and the ADA and any enumerated state law claims with regard to its employment policies and practices.

108. The Plaintiff prays that the Court Order that the Defendant pays monetary, compensatory, and punitive relief as per her claims under the IIED.

109. The Plaintiff prays that the Court award such other and further relief as this Court deems equitable and just.

Dated:       8/25/2020              Respectfully submitted,

                                    DONHAM LAW

                                    By: /s/ Jeremy A. Donham
                                    Jeremy A. Donham, Esquire
                                    Attorney for Plaintiff
                                    Supreme Ct. I.D. #206980
                                    P.O. Box 487 Dellslow, WV 26531
                                    (717) 881.7855 (ph)
                                    (888) 370.5177 (fax)
                                    E-mail: donhamlaw@comcast.net